## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                          No. CR 10-1732 JB

ALVIN CHARLEY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objection to the Presentence Report and Sentencing Memorandum, filed February 28, 2011 (Doc. 26). The Court held a hearing on March 7, 2011. The primary issue is whether the Court should sentence Defendant Alvin Charley to a term of imprisonment of 18 months. Because, at the hearing, Charley withdrew his objection to the Presentence Investigation Report ("PSR"), the Court will overrule Charley's objection to the PSR. The Court will, however, grant Charley's request that it sentence him to a term of 18 months.

## PROCEDURAL BACKGROUND

On June 10, 2010, a grand jury returned an Indictment, charging Charley with assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153 and 113(a)(6) and assault with a dangerous weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3). See Doc. 12. On December 7, 2010, Charley entered into a plea agreement. See Doc. 24. Charley pled guilty to a violation of 18 U.S.C. §§ 1153 and 113(a)(6) -- assault resulting in serious bodily injury. In the plea agreement, the United States and Charley stipulated that, pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Charley would receive a sentence of 18 months incarceration.

On February 8, 2011, the United States Probation Office ("USPO") disclosed a PSR. The PSR calculated Charley's offense level as 21. In calculating the offense level, the PSR calculated a 6-level increase pursuant to U.S.S.G. § 2A2.2(b)(3)(C), because the victim sustained an obvious disfigurement that is likely to be permanent. The PSR calculated Charley's criminal history category as I.

On February 28, 2011, Charley filed his Objection to the Presentence Report and Sentencing Memorandum. See Doc. 26. Charley argues that the victim's scars do not constitute an obvious disfigurement that is likely to be permanent and would thus not support the life-threatening bodily-injury enhancement. Charley argues that the victim's scars are small and usually not visible. Charley asks the Court to find the victim's injuries to be a serious bodily injury and to impose a sentence of 18 months.

On March 2, 2011, the USPO disclosed an Addendum to the PSR. The Addendum states that the victim sustained three permanent scars on his chest and torso and that, although the injuries were not life threatening, they are permanent and thus a 6-level enhancement as applied in the PSR is warranted.

On March 6, 2011, the United States filed its response to Charley's Objection and Sentencing Memorandum. See United States' Sentencing Memorandum, filed March 6, 2011 (Doc. 27). The United States asks that the Court accept the plea agreement and sentence Charley accordingly to a sentence of 18 months. The United States represents that it concurs with probation's recommendation that 6 points be assessed pursuant to U.S.S.G. § 2A2.2(b)(3)(C). The United States contends that the scarring amounts to an obvious disfigurement that qualifies Charley for the 6-point enhancement, and that, moreover, in the plea agreement, Charley affirmatively admitted that he caused injuries to the victim that were life threatening. The United States argues that, setting aside

the scarring that resulting from the attack, Charley's admission qualifies him for the 6-point enhancement. The United States requests, however, that the Court accept the rule 11(c)(1)(C) plea agreement and sentence Charley to the agreed-upon term of 18 months, which is a sentence beneath the advisory guideline range.

At the hearing, Charley stated that, because the Court intended to accept the plea agreement, he would withdraw the objection to the PSR.

## **ANALYSIS**

The Court has reviewed the PSR's factual findings with care. There not being any objections to the factual findings, the Court will adopt those as its own. The Court has also considered the PSR's sentencing guideline applications. Because Charley withdrew his objection to the PSR's sentencing guideline applications at the hearing, there are no objections to the PSR's sentencing guideline applications.[1] There not being any objections, the Court will adopt those as its own. The Court has also considered the factors set forth in 18 U.S.C. § 3553(a). Charley's offense level is 21

---

[1] U.S.S.G. § 2A2.2(b)(3)(C) provides for a 7-level increase in the offense level for a permanent or life-threatening bodily injury. See U.S.S.G. § 2A2.2(b)(3)(C). The guidelines define permanent or life-threatening bodily injury as an injury "involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent." U.S.S.G. § 1B1.1 application note 1(J). "The plain language of [the] application note . . . encompasses injuries that may not be terribly severe but are permanent, hence the disjunctive: permanent of life threatening injuries." United States v. Phillips, 239 F.3d 829, 848 (7th Cir. 2001)(internal quotation marks and citation omitted). The Seventh Circuit has found that when the record provided sufficient evidence that the victim suffered permanent and disfiguring scars on her face, which were obvious to anyone who saw her, the district court did not clearly error in concluding that the victim suffered a permanent or life-threatening bodily injury. See United States v. Phillips, 239 F.3d at 848. See also United States v. Hawkins, 87 F.2d 722, 725-26 (5th Cir. 1996)(finding that the district court did not clearly err in concluding that the victim sustained permanent and obvious disfigurement when the victim incurred over thirty gunshot wounds to his back and side, his body still contained a number of lead fragments, and the victim testified that the physical appearance caused by the gunshot wounds caused him to be too embarrassed to take off his shirt).

and his criminal history category is I, establishing a guideline imprisonment range of 37 to 46 months. Under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement which includes a specific sentence of 18 months. The Court is satisfied that the agreed-upon sentence varies from the advisory guideline range for justifiable reasons. If this case were tried, Charley might have been entitled to a self-defense jury instruction. Some evidence existed which supported a self-defense theory. At trial, Charley would have argued that the stabbing occurred after he had been struck in the head with a metal pipe. Charley suffered injuries which were consistent with his theory of the case. The jury might have accepted the self-defense theory. If the jury had accepted the self-defense theory, Charley could have gotten off for a crime in which he responded excessively to the situation. If the jury had rejected the self-defense theory, however, Charley would have faced an advisory guideline range roughly double the agreed-upon sentence. The plea agreement thus represents the end result of a negotiation in which both parties recognized and reduced their respective risks in light of the facts and evidence known to each.

The Court notes that, on or about May 12, 2010, in Indian Country, Charley stabbed the victim with a knife, causing permanent injury. The Court has carefully considered the guidelines, but in arriving at its sentence, the Court has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court believes, after carefully reviewing the PSR, the parties' briefing, and the parties' arguments, that the punishment that the guidelines set forth -- 37 to 46 months -- is not appropriate for this sort of offense. The Court has also considered the kinds of sentences and ranges that the guidelines establish. The Court agrees that a sentence of 18 months, to which the parties have agreed, reflects

the seriousness of the offense and is adequate to promote respect for the law. The Court has, in the past, recognized that weaknesses in the United States' case is a legitimate grounds for a variance, because a sentence of incarceration is more just than no sentence at all. See United States v. Summers, 506 F. Supp. 2d 686, 698-99 (D.N.M. 2007)(Browning, J.)("The Court can, under 18 U.S.C. § 3553(a), take into account the problems with the United States' case."); United States v. Jiang, 376 F. Supp. 2d 1153, 1157-58 (D.N.M. 2005)(Browning, J.)(granting a variance after examining the potential benefits to the United States and the public of going to trial); United States v. Stone, 374 F. Supp. 2d 983, 990 (D.N.M. 2005)(Browning, J.)(granting a variance after considering the United States' prospects at trial). The Court believes that a term of imprisonment is necessary to provide just punishment, and, given the possibility of a self-defense instruction and verdict in this case, it could well be that there would be no punishment if the case had gone to trial. The Court believes that a 18-months sentence is adequate to afford adequate deterrence and to protect that public. Because of some of the things the Court will require as part of supervised release, the Court believes that this sentence will provide Charley with the training and care he needs. Ultimately, the Court believes that this sentence fully and effectively reflects each of the factors that 18 U.S.C. § 3553(a) embodies. And while the Court's task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that this sentence balances the factors in 18 U.S.C. § 3553(a) and is a reasonable sentence. The Court concludes that this sentence is sufficient without being greater than necessary to comply with the purposes set forth in the Sentencing Reform Act.

**IT IS ORDERED** that the Defendant's Objection to the Presentence Report and Sentencing Memorandum, filed February 28, 2011 (Doc. 26) is sustained in part and overruled in part. The Court will overrule Defendant Alvin Charley's objection to the Presentence Investigation Report, which Charley withdrew at the sentencing hearing. The Court will, however, grant Charley's request that it sentence him to a sentence of 18-months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Jack Burkhead
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

John Van Butcher
  Assistant Federal Public Defender
Federal Public Defenders Office
District of New Mexico
Albuquerque, New Mexico

*Attorney for the Defendant*