AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V. | **Amended Judgment in a Criminal Case - Reason:** |
| **Alvin Charley** | **Determination of Restitution Amount**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number:  **1:10CR01732-001JB**<br>USM Number: **54246-051**<br>Defense Attorney: **John Butcher, Appointed** |

THE DEFENDANT:

☒   pleaded guilty to count(s) **1 of Indictment**
☐   pleaded nolo contendere to count(s)  which was accepted by the court.
☐   after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 113(a)(6) | Assault Resulting in Serious Bodily Injury, Crime in Indian Country, 18 U.S.C. Sec. 1153 | 05/12/2010 | 1 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count .
☒   Count **2 of Indictment** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 7, 2011**
_____
Date of Imposition of Judgment

**/s/ James O. Browning**
_____
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
_____
Name and Title of Judge

**June 24, 2011**
_____
Date Signed

Defendant: **Alvin Charley**
Case Number:  **1:10CR01732-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **18 months**.

**The Court adopts its Memorandum Opinion and Order, filed May 3, 2011 (Doc. 35) in United States v. Charley, CR-10-1732. The Court has reviewed the PSR`s factual findings with care. There not being any objections to the factual findings, the Court will adopt those as its own. The Court has also considered the PSR`s sentencing guideline applications. Because Defendant Alvin Charley withdrew his objection to the PSR`s sentencing guideline applications at the hearing, there are no objections to the PSR`s sentencing guideline applications. There not being any objections, the Court will adopt those as its own. The Court has also considered the factors set forth in 18 U.S.C. § 3553(a). Charley`s offense level is 21 and his criminal history category is I, establishing a guideline imprisonment range of 37 to 46 months. Under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement, which includes a specific sentence of 18 months. The Court is satisfied that the agreed-upon sentence varies from the advisory guideline range for justifiable reasons. If this case were tried, Charley might have been entitled to a self-defense jury instruction. Some evidence existed which supported a self-defense theory. At trial, Charley would have argued that the stabbing occurred after he had been struck in the head with a metal pipe. Charley suffered injuries which were consistent with his theory of the case. The jury might have accepted the self-defense theory. If the jury had accepted the self-defense theory, Charley could have gotten off for a crime in which he responded excessively to the situation. If the jury had rejected the self-defense theory, however, Charley would have faced an advisory guideline range roughly double the agreed-upon sentence. The plea agreement thus represents the end result of a negotiation in which both parties recognized and reduced their respective risks in light of the facts and evidence known to each.**

**The Court notes that, on or about May 12, 2010, in Indian Country, Charley stabbed the victim with a knife, causing permanent injury. The Court has carefully considered the guidelines, but in arriving at its sentence, the Court has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court believes, after carefully reviewing the PSR, the parties` briefing, and the parties` arguments, that the punishment that the guidelines set forth -- 37 to 46 months -- is not appropriate for this sort of offense. The Court has also considered the kinds of sentences and ranges that the guidelines establish. The Court agrees that a sentence of 18 months, to which the parties have agreed, reflects the seriousness of the offense and is adequate to promote respect for the law. The Court has, in the past, recognized that weaknesses in the United States` case is a legitimate grounds for a variance, because a sentence of incarceration is more just than no sentence at all. See United States v. Summers, 506 F. Supp. 2d 686, 698-99 (D.N.M. 2007)(Browning, J.)("The Court can, under 18 U.S.C. § 3553(a), take into account the problems with the United States` case."); United States v. Jiang, 376 F. Supp. 2d 1153, 1157-58 (D.N.M. 2005)(Browning, J.)(granting a variance after examining the potential benefits to the United States and the public of going to trial); United States v. Stone, 374 F. Supp. 2d 983, 990 (D.N.M. 2005)(Browning, J.)(granting a variance after considering the United States` prospects at trial). The Court believes that a term of imprisonment is necessary to provide just punishment, and, given the possibility of a self-defense instruction and verdict for Charley in this case, it could well be that there would be no punishment if the case had gone to trial. The Court believes that a 18-months sentence is adequate to afford adequate deterrence and to protect that public. Because of some of the things the Court will require as part of supervised release, the Court believes that this sentence will provide Charley with the training and care he needs to overcome some of the problems he has in life. Ultimately, the Court believes that this sentence fully and effectively reflects each of the factors that 18 U.S.C. § 3553(a) embodies. And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that this sentence balances the factors in 18 U.S.C. § 3553(a) and is a reasonable sentence. The Court concludes that this sentence is sufficient without being greater than necessary to comply with the purposes set forth in the Sentencing Reform Act.**

☐    The court makes the following recommendations to the Bureau of Prisons:

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

       ☐    at   on

       ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

       ☐    before 2 p.m. on

       ☐    as notified by the United States Marshal

       ☐    as notified by the Probation or Pretrial Services Office.

# **RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to

_____ at _____ with a Certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

Defendant: **Alvin Charley**
Case Number:  **1:10CR01732-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .


The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).

☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).

☐   The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☒   The defendant shall participate in an approved program for domestic violence. (Check, if applicable)


If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   the defendant shall support his or her dependents and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

AO 245B (Rev. 12/10) Sheet 3                                                                Judgment - Page 5 of 6

Defendant: **Alvin Charley**
Case Number:  **1:10CR01732-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting controlled substances, dangerous weapons, and other illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.**

**The defendant shall have no contact with the victim, without prior approval of the probation officer.**

**The defendant shall reside at and complete a program at a community corrections center for a period not to exceed six months as approved by the probation officer.**

AO 245B (Rev.12/10) Sheet 5, Part A - Criminal Monetary Penalties                                       Judgment - Page 6 of 6

Defendant: **Alvin Charley**
Case Number:  **1:10CR01732-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐        The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $12,742.69 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A        ☒   In full immediately; or

B        ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).


**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**


**The Mandatory Restitution Act of 1996 is applicable in this case. The Defendant will pay restitution in the amount of $12,742.69 to the New Mexico Human Services Department, Office of Inspector General, Restitution Services Bureau, Attention: Irene Romero, 729 St. Michael`s Drive, Santa Fe, New Mexico 87505. While incarcerated, Mr. Charley will make restitution payments through the Bureau of Prisons Inmate Financial Responsibility Program. Upon his release, the Defendant will make monthly restitution payments in the amount of $100, or 15% his gross monthly household income, whichever is greater. No interest or penalty shall accrue on this amount.**


Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.